HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUNT SKANSIE LAND, LLC and RUSH-TALMO LLC, Washington Limited Liability Companies,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF GIG HARBOR, A Washington Municipal Corporation<br><br>Defendant. | Case No. C10-5027RBL<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, DENYING MOTION TO DISMISS AND REMAND, GRANTING RULE 56(f) MOTION, AND GRANTING MOTION FOR CONTINUANCE [Dkt. #s 50, 53, 57, 61] |

THIS MATTER is before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint, Plaintiffs' Motion to Dismiss and Remand for Lack of Subject Matter Jurisdiction, Defendants' Motion for Summary Judgment, Plaintiffs' Rule 56(f) Motion, and Plaintiffs' Motion for Continuance of Defendant's Motion for Summary Judgment [Dkt. #s 50, 53, 51, 57, and 61].

First, Plaintiffs no longer wish to litigate the federal claims remaining after this Court's earlier summary judgment order [Dkt. #49], and have accordingly filed a Motion for Leave to File an Amended Complaint [Dkt. # 50].  The proposed Amended Complaint removes the constitutional claims.  Defendant opposes this order, arguing that the claims should instead be dealt with under its Motion for Summary Judgment [Dkt. #51], filed the day after Plaintiffs' Motion to Amend.  That motion seeks summary judgment

ORDER
Page - 1

on all remaining federal and state law claims.

Second, Plaintiffs argue in their Motion to Dismiss and Remand for Lack of Subject Matter Jurisdiction [Dkt. #53] that in the absence of those federal claims, this Court no longer has subject matter jurisdiction over the remaining claims. Defendant argues that remand would waste judicial resources and that Plaintiffs are merely shopping for a new forum, and urges this Court to continue to exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367, whether it disposes of the federal claims by allowing amendment, or by granting summary judgment on them.

Finally, Plaintiffs urge that they have been given inadequate opportunity to perform discovery necessary to oppose Defendant's Motion for Summary Judgment, and have filed a Rule 56(f) Motion asking for either denial of the Summary Judgment Motion or more time to conduct discovery [Dkt. # 57]. Plaintiff also requests a continuance on Defendant's Motion for Summary Judgment pending resolution of the Rule 56(f) Motion [Dkt. #61]. Defendant responds that Plaintiffs have had ample opportunity to conduct discovery during the prior litigation between the parties, and that further discovery here would be both duplicative and futile.

For the reasons stated below, Plaintiffs' Motion for Leave to File an Amended Complaint [Dkt. #50] is **GRANTED**, and Plaintiffs' Motion to Dismiss and Remand [Dkt. #53] is **DENIED**. Plaintiffs' Rule 56(f) Motion [Dkt. #57] and Motion for Continuance [Dkt. #61] are **GRANTED**, and Defendant's Summary Judgment Motion [Dkt. #51] is **RE-NOTED FOR AUGUST 27, 2010** to allow for further discovery by Plaintiffs on the remaining state law claims.

**I.     Motion to Amend**

Plaintiffs request leave to file an amended complaint stripped of the remaining federal claims, stating that they "no longer wish to pursue federal constitutional claims . . . and therefore should not be forced to litigate those claims" [*Motion for Leave to File Amended Complaint*, Dkt. #50, at 2]. Defendant, while "agree[ing] that the Plaintiffs' claims under the Constitution and 42 U.S.C. § 1983 are meritless and should

be dismissed," is wary that the amendment is a ploy to deprive this Court of subject matter jurisdiction, and urges that the Court should deny the Motion [*Defendant's Response to Plaintiffs' Motion to Amend Complaint*, Dkt. #54]. Instead, Defendant prefers that the claims be dismissed with prejudice through a grant of its pending Motion for Summary Judgment [Dkt. # 51].

Under Fed. R. Civ. P. 15, this Court must be extremely liberal in considering motions to amend the pleadings. *See Price v. Kramer,* 200 F.3d 1237, 1250 (9th Cir. 2000), *cert. denied*, 531 U.S. 816 (2000). The purpose of the rule is to encourage decisions on the merits rather than on the precision (or imprecision, as the case may be) of the pleadings. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

In determining whether to grant leave to amend, district courts should look to factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman v. Davis* 371 U.S. 178, 182 (1962). Not all of these factors apply with equal force; "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendant's arguments fail to show that it will suffer prejudice from the amendment. Defendant's Motion for Summary Judgment, filed the day after Plaintiffs' Motion to Amend, seeks to dismiss with prejudice the same federal law constitutional claims that Plaintiffs seek to remove through their amendment. Defendant argues that the amendment is futile in the face of the summary judgment motion. Before discovery is complete, an amendment is "futile" only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Futility is more appropriately at issue when an amendment seeks to *add* claims in an effort to avoid a pending summary judgment motion. Here, because the Motion to Amend was filed *before* the Summary Judgment Motion and seeks only to *dismiss* the federal claims, futility is not a reason to deny the motion.

Defendant also expresses concern that if the Complaint is amended so that it reflects only state claims,

the Court may decide to dismiss and remand.[1] That decision is irrelevant to the decision on whether to allow amendment; jurisdiction is "analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir. 1998). While this Court agrees that remand would be wasteful, amendment of the complaint does not prevent the Court from continuing to exercise supplemental jurisdiction over the remaining state claims under 28 U.S.C. § 1367. Otherwise, Defendant would risk the same outcome by pressing its Motion for Summary Judgment: if summary judgment were granted on only the federal claims, the same jurisdictional issue would be presented. Thus, Defendant's argument that amendment will prejudice it by necessitating a remand also fails.

The Plaintiffs' Motion for Leave to File Amended Complaint [Dkt. # 50] is **GRANTED**, and the Plaintiffs shall file the proposed Amended Complaint within seven days of this Order. Given that the Amended Complaint does not introduce new claims, Defendant need not file an Answer to the Amended Complaint, and should not file a new Motion for Summary Judgment.

**II.     Motion to Remand**

Plaintiffs argue that, once the federal claims have been removed from their complaint, this Court lacks subject matter jurisdiction and should dismiss and remand to the Pierce County Superior Court. Upon removal, this Court had original jurisdiction under 28 U.S.C. § 1331 based on Plaintiffs' § 1983 constitutional claims, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. Defendant asks that this Court continue to exercise supplemental jurisdiction over the remaining claims even after dismissing the federal claims.

28 U.S.C. § 1367(a) gives federal district courts supplemental jurisdiction over all claims within the same case or controversy as a claim conferring original jurisdiction. As noted above, supplemental

---

[1] Interestingly, though Defendant uses this argument against the Motion to Amend, it recognizes the correct standard for analyzing supplemental jurisdiction in its arguments against the Motion to Remand.

jurisdiction is "analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir. 1998). Supplemental jurisdiction does not fall away because of subsequent rulings. Indeed, "even if all federal claims are dismissed before trial, this 'has never meant that [state law claims] *must* be dismissed.' . . . Once supplemental jurisdiction exists, it remains, subject to the discretionary provision for remand in section 1441." *Albingia Versicherungs A.G. v. Schenker International Inc.*, 344 F.3d 931, 938-38 (9th Cir. 2003). 28 U.S.C. § 1367(c) allows a district court to decline supplemental jurisdiction if it has dismissed all of the claims conferring original jurisdiction, but does not require it to do so.

Instead, district courts are given discretion to exercise or decline supplemental jurisdiction upon consideration of "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). While "in a case in which all federal claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims. . . this[] is not a mandatory rule to be applied inflexibly in all cases." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 715 (9th Cir. 1990). Judicial economy has frequently been privileged over the other factors. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1990). The Ninth Circuit has held that "it is the district judge who is in the best position to determine whether enough resources have been expended to make dismissal a waste at any given point."*Id*.

Here, the Court has already expended significant resources addressing both the federal and state claims. While Plaintiffs point out that the case has only been in this Court for six months and that the Defendant's Summary Judgment Motion could easily be re-filed in the superior court, they ignore the significant time this Court has spent familiarizing itself with the facts of this case, the effort involved with digesting the state and federal law necessary to decide the first Summary Judgment motion, and the resources the superior court would have to invest to gain the understanding of the issues that this Court already has. Thus, judicial economy alone presents a compelling reason to continue exercising supplemental jurisdiction.

Further, Plaintiffs appear to be attempting to manipulate the forum. When considering a remand, a court should include in its balancing a party's attempts to manipulate the forum. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988). "A plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp.*, 159 F.3d at 1213.

Plaintiffs initially filed in the Pierce County Superior Court before Defendants removed to this Court under 28 U.S.C. § 1441. Upon removal, Plaintiffs sought to have this Court stay consideration of their federal constitutional claims and remand the state claims. It was only upon receipt of the Court's earlier Summary Judgment Order [Dkt. #49] that Plaintiffs moved to amend their complaint and remove the federal claims. Thus, although Plaintiffs have consistently sought to have their state law claims adjudicated in state court, they did not seek to dismiss their federal claims until after an adverse ruling. Allowing Plaintiffs to escape the jurisdiction of the Court at this point is akin to letting a gambler "take its chips off the table because it didn't like the dealer's hand." *Albingia Versicherungs A.G.*, 344 F.3d at 939.

Neither side raises compelling arguments regarding comity or convenience, nor are any readily apparent. Therefore, this Court finds its concerns regarding judicial economy and Plaintiffs' unfair attempts to manipulate the forum to be sufficient grounds to retain supplemental jurisdiction over Plaintiffs' state law tort claims. Plaintiffs' Motion to Dismiss and Remand [Dkt. #53] is **DENIED**.

**III.    Motion for Summary Judgment, Fed. R. Civ. P. 56(f) Motion, and Motion for Continuance**

Finally, Defendants have filed a Motion for Summary Judgment seeking to dismiss Plaintiffs' § 1983 claims and state tort claims.[2] The § 1983 claims have been dismissed through Plaintiffs' amendment of their Complaint; the Motion for Summary Judgment on those claims is **DENIED** as moot.

With regard to the state tort claims, Plaintiffs ask the Court to either deny or continue the response date

---

[2] Defendant's Motion for Summary Judgment also requests that the Court reconsider certain facts from its earlier Order Granting Summary Judgment [Dkt. #49]. The Court notes that, for the purposes of considering the Summary Judgment Motion, the facts in the Order were construed in the light most favorable to the non-moving party and are not meant as binding factual findings. Accordingly, the portion of Defendant's Motion for Summary Judgment seeking reconsideration of those findings is **DENIED**.

of Defendant's Motion for Summary Judgment so that they may conduct further discovery.

A party opposing a summary judgment may request a continuance under Rule 56(f) if it cannot present evidence essential to oppose the motion. Where summary judgment is sought "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely...[and] 'denial is especially inappropriate where the material sought is also the subject of outstanding discovery requests.' " *Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of Fort Peck*, 323 F.3d 767, 773-75 (9th Cir. 2003) (*quoting VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 324, 427 (6th Cir. 1984)).

Although extensive discovery has been conducted during the prior litigation between the parties, very little has taken place in this case due to disagreement among the parties about the proper scope of the case and discovery. The prior litigation, however, focused on the merits of the City's LUPA appeal, while the Plaintiffs' claims for tortious interference and negligence/estoppel focus on that appeal's purposes and effects. Thus, additional discovery is clearly necessary to allow Plaintiffs an opportunity to support their allegations. As the federal law claims have been dismissed, discovery on those claims is unnecessary.

Plaintiffs' Rule 56(f) Motion [Dkt. #57] and Motion for Continuance [Dkt. #61] are **GRANTED** and Defendant's Motion for Summary Judgment [Dkt. #51] is **RE-NOTED FOR AUGUST 27, 2010**.

Dated this 1st day of July, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE