HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUNT SKANSIE LAND, LLC and RUSH-TALMO LLC, Washington Limited Liability Companies,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF GIG HARBOR, a Washington Municipal Corporation,<br><br>Defendant. | Case No. C10-5027RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER |

THIS MATTER having come before the Court upon Defendant's Motion for a Protective Order [Dkt. #78], and the Court having considered all materials submitted for and against said motion, it is hereby **ORDERED:**

1. The Defendants' Motion for a Protective Order is **GRANTED.**

2. The deliberative and/or mental process privilege applies to prohibit any depositions of the City Council members regarding the deliberations of the City Council members (uncommunicated) on any legislative activity, such as the decision to appeal the Hearing Examiner's decision on Courtyards at Skansie, to file any court appeals of the same decision, to adopt any ordinances, to issue a Request for Proposals for a new hearing examiner, etc.,  The deliberative and/or mental process privilege applies to prohibit any depositions of the City Council members regarding the intentions or motivations of the individual City

ORDER
Page - 1

Council members in their decision to vote to appeal the Hearing Examiner's decision on the Courtyards at Skansie applications or to take any legislative action.  The Plaintiffs may ask the City Council members only about their objective manifestations of the decision-making process.  For example, the Plaintiffs may ask the City Council members about what they said outside of executive session to the public about the project, what they heard from the public outside of the executive session, what non-privileged documents they read and what they were told by the public outside of the executive session.  The Plaintiffs cannot inquire as to the City Council's subjective uncommunicated thoughts or their communications with the City Attorney relating to legal advice.

3. The Plaintiffs are prohibited from deposing Carol Morris, the former Gig Harbor City Attorney to inquire into any communications (written or otherwise) between Ms. Morris and the City Council relating primarily to the seeking of legal advice, regarding the Courtyards at Skansie applications, including but not limited to, communications that took place in executive session.

4. The Plaintiffs are prohibited from inquiring into communications involving the City Council, Mayor, and any other staff member, including the City Attorney, which took place in executive session relating to the Council's decision to vote to appeal the Hearing Examiner's Decision on Courtyards at Skansie applications.

5. All of the above applies not only to depositions but also to any other discovery request into these matters, including but not limited to, interrogatories and requests for production.

Dated this 21st day of September, 2010.

*Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE